UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

ATLANTIC WELLS, INC., :

:

Plaintiff, :

: **MEMORANDUM & ORDER**

-against- :

: No. 2:25-cv-02924 (ENV) (AYS)

AG CARRIER, LLC and UNITED STATES OF :

FREIGHT, :

:

Defendants. :

:

------------------------------------------------------------ x

VITALIANO, D.J.

On April 7, 2025, plaintiff Atlantic Wells, Inc. ("Atlantic Wells") commenced this action seeking damages arising out of a collision involving one of its freightliner trucks during interstate transport. Atlantic Wells names as defendants AG Carrier, LLC ("AG Carrier"), the motor carrier, and United States of Freight, LLC ("USF"), the freight broker that arranged the shipment. [1] USF

[1] Plaintiff asserts one claim of negligent selection and hiring against USF, and one claim of negligence against AG Carrier. AG Carrier has not responded to plaintiff's complaint or joined USF's motion. Therefore, the Court reviews this motion to dismiss only with respect to USF's negligent selection and hiring claim.

now moves to dismiss the claim against it under Federal Rule of Civil Procedure 12(b)(6), invoking a forum selection clause in the parties' contract. For the reasons that follow, the motion is granted without prejudice.

## Background[2][3]

In or around August 2024, Atlantic Wells engaged USF to arrange transport of a 2002 Freightliner FL112 Crane Truck, purchased by Atlantic Wells for $75,000 from a private seller in Virginia. Compl. ¶¶ 4–7. USF subcontracted the actual transport of the truck to AG Carrier, a South Carolina-based motor carrier. *Id.* ¶¶ 2, 8. On or about August 10, 2024, a driver engaged by AG Carrier struck an overhead obstruction during transit from Virginia to New York, causing substantial damage to the truck. *Id.* ¶¶ 10–12. Plaintiff alleges that the repair costs are estimated to exceed $79,984.96; the cost to transport to the truck to the manufacturer for a physical inspection is now allegedly $11,588.01. *Id.* ¶¶ 13–15.

When Atlantic Wells submitted a claim to AG Carrier's insurance company, the insurer denied coverage on the grounds that the carrier's policy did not extend to the type of vehicle being transported. *Id.* ¶¶ 16–17. Atlantic Wells then filed suit in Supreme Court, Suffolk County, asserting a negligence claim against AG Carrier for damage to the truck and a negligent selection and hiring claim against USF, alleging that USF violated a duty to conduct a reasonable inquiry into the transport company it selected and, specifically, to confirm that the company maintained adequate insurance to cover the transport of its vehicle. *Id.* ¶¶ 75–92. USF removed the action to

---

[2] The facts are drawn from the operative complaint and taken as true, with all reasonable inferences drawn in the plaintiff's favor, as they must be on a motion to dismiss. *See Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008).

[3] All page references to motion filings refer to the Electronic Case Filing system ("ECF") pagination.

this Court on May 27, 2025, invoking diversity jurisdiction. *See* Notice of Removal, Dkt. 1.

USF's motion to dismiss hinges on a forum selection clause in the contract (the "Carrier-Broker Agreement") executed between it and Atlantic Wells. *See* Dkt. 19-1. The Carrier-Broker Agreement provides that "any dispute arising between Broker and Customer arising out of these terms and conditions shall be governed by the substantive and procedural law of the State of Florida; Florida law shall apply in all instances. Any lawsuit or legal proceeding arising out of these terms and conditions and/or the services provided must be brought in courts located within Broward County Florida." *See id.* at 2. The signature page records the signature of Daniel Hawxhurst, an officer of Atlantic Wells, along with his IP address and a timestamp of July 26, 2024. *Id.* at 1. The Carrier-Broker Agreement also specifies the truck's make and model, its origin and destination, and the cost of shipping by USF. *Id.*[4]

<u>Legal Standard</u>

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests whether a complaint contains facts sufficient to make a plausible case. *Bell Atlantic*

---

[4] Both the Carrier-Broker Agreement and the subcontract between USF and AG Carrier, Dkt. 19-4 (the "Subcontract"), are properly before the Court, though not incorporated in or attached to any of plaintiff's filings. On a 12(b)(6) motion, the Court may "consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint. *Id.* (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002)). For instance, courts generally consider extraneous material on a 12(b)(6) motion when the material considered is "a contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls, but which for some reason—usually because the document, read in its entirety, would undermine the legitimacy of the plaintiff's claim—was not attached to the complaint." *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006). Here, the complaint explicitly refers to both contracts, even referring to specific contractual terms. *See* Compl. ¶¶ 7–9. Moreover, Atlantic Wells' claim relies on the contract's terms and effect because the claim for negligent selection and hiring depends on USF's contractual obligation to arrange transport of the truck, *see id.* ¶ 84.

*Corp. v. Twombly*, 550 U.S. 544, 556–58, 127 S. Ct. 1955, 1965–67, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). While not "akin to a 'probability requirement,'" the plausibility pleading standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In the course of making a determination as to whether a pleading plausibly states a claim upon which relief can be granted, the district court should "draw all reasonable inferences in Plaintiff['s] favor." *Faber v. Metropolitan Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). It must also accept well-pleaded facts as true, and consider them in the light most favorable to the non-moving party. *See Chapman v. N.Y. State Div. for Youth*, 546 F.3d 230, 235 (2d Cir. 2008).

## Discussion

Although it is appropriate when seeking to enforce a forum selection clause in a contract to challenge the venue of the action founded on the doctrine of *forum non conveniens*, courts in this circuit have also construed Supreme Court precedent to allow a district court to enforce a forum selection clause by granting a motion to dismiss pursuant to Rule 12(b)(6). *See WindServe Marine, LLC v. US Workboats, LLC*, No. 20-CV-532 (ENV) (RLM), 2021 WL 5749827, at *2 (E.D.N.Y. Apr. 16, 2021) (Vitaliano, J.) (citation and internal quotation marks omitted); *see Cuhadar v. Savoya, LLC*, 766 F. Supp. 3d 434, 442 (E.D.N.Y. 2025) (citing *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 60, 134 S. Ct. 568, 579, 187 L. Ed. 2d 487 (2013)).

More significant, regardless the litigation mode of their enforcement, it is controlling case law's recognition that forum selection clauses are *prima facie* valid and should generally be

enforced as a matter of federal public policy. *See NuMSP, LLC v. St. Etienne*, 462 F. Supp. 3d 330, 343 (S.D.N.Y. 2020). Courts in this circuit evaluate forum selection clauses through a four-part analysis set out by *Phillips v. Audio Active Ltd.*, 494 F.3d 378 (2d Cir. 2007). In the first three parts, the court considers "(1) whether the clause was reasonably communicated to the party resisting enforcement; (2) whether the clause is mandatory or permissive, for example, whether the parties are required to bring any dispute to the designated forum or simply permitted to do so; and (3) whether the claims and parties involved in the suit are subject to the forum selection clause." *Cuhadar*, 766 F. Supp. at 443 (citation omitted). "If these factors are satisfied, the clause is deemed presumptively enforceable and can be overcome only by (4) a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." *See id.* (citation and internal quotation marks omitted); *see also Rabinowitz v. Kelman*, 75 F.4th 73, 81 (2d Cir. 2023). "The enforceability or validity of a forum selection clause is a matter of federal procedural law." *NEC Fin. Servs., LLC v. Health & Wellness Centerr LLC,* No. 24-CV-03978 (JS)(AYS), 2025 WL 2689700, at *3 (E.D.N.Y. Sept. 18, 2025).

The first three elements of the *Phillips* test are satisfied in this case. First, the clause was reasonably communicated to Atlantic Wells. A forum selection clause is reasonably communicated "if it is written in clear and unambiguous language in standard font and is included in the main body of the contract." *Fifth App, LLC v. Alpha Modus Ventures, LLC*, No. 22-CV-6607 (DG) (PK), 2024 WL 4145225, at *4 (E.D.N.Y. Aug. 29, 2024) (internal quotation marks omitted). Such is the case here. The Carrier-Broker Agreement is a two-page electronic document: page one contains the shipment details, pricing, and signature block, while page two contains the terms and conditions. *See* Dkt. 19-1. The forum selection clause is contained in standard font on the second page of the contract. *See id.* at 2. The contract also records the digital signature of

Hawxhurst, as well as a timestamp and IP address. *See id.* at 1. Accordingly, these facts are sufficient for the Court to enforce the clause even at the 12(b)(6) stage. [5]

Second, the clause is mandatory: it provides that lawsuits arising out of its terms and conditions "must be brought in courts located within Broward County Florida." Carrier-Broker Agreement at 2. This language clearly incorporates the specific language of exclusion that denies the plaintiff his choice of forum under Second Circuit precedent. *See Global Seafood Inc. v. Bantry Bay Mussels Ltd.*, 659 F.3d 221, 225 (2d Cir. 2011). ("Mandatory forum selection clauses . . . require that disputes *must* be brought in the designated forum, to the exclusion of all other fora where jurisdiction may also lie."). Similar language has been held to satisfy the second prong of the *Phillips* test by courts in this circuit. *See Bold Broad. LLC v. Noogalights, LLC*, No. 2:24-CV-1482 (SIL), 2024 WL 4570850, at *4 (E.D.N.Y. Oct. 22, 2024) (collecting cases).

Third, the claims and parties involved in the suit are bound by the forum selection clause. The forum selection clause states that it shall apply to "[a]ny lawsuit or legal proceeding arising out of these terms and conditions and/or the services provided." Dkt. 19-1 at 2. To determine the scope of such a clause, the court must "examine the substance of the claims, shorn of their labels, and relate the substance of the claims to the precise language of the clause, discounting the precedential weight of cases that deal with dissimilarly worded clauses." *Molokotos-Liederman v. Molokotos*, No. 23 CIV. 1654 (VM), 2023 WL 5977655, at *16 (S.D.N.Y. Sept. 14, 2023) (cleaned up). "The Second Circuit has held consistently that forum selection clauses are to be interpreted broadly and are not restricted to pure breaches of the contracts containing the clauses."

[5] To contest this element, Hawxhurst submitted an affidavit accompanying the opposition to the motion to dismiss, alleging new facts not included in the complaint. However, unlike the Carrier-Broker Agreement and the USF-AG Carrier subcontract, the Court will not consider the affidavit because it is not integral to the complaint. *See Global Network Communications, Inc., v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006).

*TradeComet.com LLC v. Google, Inc.*, 693 F. Supp. 2d 370, 378 (S.D.N.Y. 2010). To determine whether a forum selection clause using terms such as "arise out of" covers a given claim, "the Court must determine whether a plaintiff's claim originates from a right or duty under the agreement." *Transient Path, LLC v. Stones S. Bay Corp.*, No. 23 CIV. 5628 (LAP), 2024 WL 3730113, at *5–*6 (S.D.N.Y. Aug. 8, 2024) (cleaned up). The inquiry "focus[es] on the source of the rights or duties sought to be enforced by the complaining party." *Phillips*, 494 F.3d at 392. Where the plaintiff's claim can be made "without any reference to the contract," the claim is outside the scope of the clause. *Id.*

Here, Atlantic Wells' claim for negligent selection and hiring is a tort claim, not a breach of contract claim that expressly originates from contractual rights and duties. But the contract is still the source of the tort duty that Atlantic Wells seeks to enforce, because USF's obligation to select and hire a transporter itself arose out of the contract. *See* Carrier-Broker Agreement at 2 ("Broker will obtain the services of a freight transporter with the ability and qualifications to move and deliver my freight."). Atlantic Wells' complaint amounts to a claim that USF did not adequately perform its contractual duty to select a proper transporter with the necessary "ability and qualifications." The substance of the tort claim, therefore, is covered by the forum selection clause. "A forum selection clause cannot be defeated by artful pleading of claims not based on the contract containing the clause if those claims grow out of the contractual relationship, or if the gist of those claims is a breach of that relationship." *Weingard v. Telepathy, Inc.*, No. 05 CIV. 2024 (MBM), 2005 WL 2990645, at *4 (S.D.N.Y. Nov. 7, 2005).

Given that the first three *Phillips* factors weigh in favor of enforcement, the clause is presumptively enforceable, and so the Court considers whether that presumption is rebutted in this case. The presumption of enforceability "can be overcome: (1) if [the clause's] incorporation into

the agreement was the result of fraud or overreaching[;] (2) if the complaining party will for all practical purposes be deprived of his day in court, due to the grave inconvenience or unfairness of the selected forum[;] (3) if the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy[;] or (4) if the clauses contravene a strong public policy of the forum state." *Siciliano v. Imperial Bag & Paper Co. LLC*, No. 6:25-CV-06307 (EAW), 2026 WL 346184, at *7 (W.D.N.Y. Feb. 9, 2026) (citation omitted). "In establishing that a forum selection clause should not be enforced, the opposing party bears a 'heavy burden' of proof." *Cuhadar*, 766 F. Supp. at 449–50 (quoting *New Moon Shipping Co., Ltd. v. MAN B & W Diesel AG*, 121 F.3d 24, 33 (2d Cir. 1997)).

None of these factors are present here. The complaint contains no allegation that USF misrepresented the existence or content of the terms and conditions, denied that further terms existed, or induced Hawxhurst not to read the second page, nor does Hawxhurst so allege in his affidavit. Likewise, Atlantic Wells has made no showing that it is prevented from bringing suit in Florida or that the Florida courts are incapable of resolving this claim. Although Atlantic Wells claims that none of the evidence is in Florida and the relevant events to the suit did not take place there, this is insufficient to render trial so difficult as to deprive a plaintiff of his day in court. *See Phillips*, 494 F.3d at 393. Finally, Atlantic Wells has not raised any fundamental unfairness in enforcing Florida law in this case, nor any public policy issues that could preclude enforcement.[6]

<u>Conclusion</u>

For the foregoing reasons, and in accord with the forum selection clause of the controlling contract, the motion to dismiss filed by defendant USF is granted without prejudice. Plaintiff's

---

[6] Because the Court grants USF's motion to dismiss the claim on forum selection grounds, the Court does not reach USF's alternative arguments for dismissal: preemption, limitation of liability under the Agreement, contractual preclusion, and the independent tort doctrine.

claim against defendant AG Carrier remains before this Court and is referred to Magistrate Judge Anne Y. Shields for further pre-trial management.

So Ordered.

Dated: Brooklyn, New York

October 17, 2026

/ s / Eric N. Vitaliano

ERIC N. VITALIANO

United States District Judge